**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

HOWARD MOYA VALDESPINO,
Petitioner,
v.

JEREMY CASEY, Facility Administrator, Imperial Regional Detention Facility; PATRICK DIVVER, Director, Immigration and Customs Enforcement San Diego Field Office; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; and TODD BLANCHE, Attorney General, Department of Justice,
Respondents.

Case No.: 3:26-cv-05639-BTM-VET

**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Howard Moya Valdespino has petitioned the Court for the writ of habeas corpus, claiming that the Government violated the Fifth Amendment by arbitrarily detaining him without notice and opportunity to be heard. (ECF No. 1.) The Petitioner entered the country on January 20, 2025, and was granted humanitarian parole. (*Id.* ¶ 18; ECF No. 4,

at 2.) The Government acknowledges that the Petitioner was released on parole, that the Court has granted petitions with similar facts and legal issues, and "does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 3, 2–3.) The Government also stated that—aside from two traffic charges for driving without a valid driver's license—it has "no further information regarding Petitioner's criminal history or whether he would be a danger to the community if released." (ECF No. 7, at 1.)

Accordingly, the Court grants the petition on the Petitioner's Due Process claim. The Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Government does not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk.

Thus, the petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Government shall immediately release Moya Valdespino from custody on any preexisting conditions of parole and such reasonable conditions that will deter Petitioner from driving without a valid driver's license. Should the Government attempt to revoke the Petitioner's parole in the future, it must provide him a written revocation notice—issued by a statutorily authorized official—that provides individualized grounds for the termination of parole. The Government must also allow the Petitioner an opportunity to rebut the revocation of parole. *See Mendez-Ramirez v. Casey*, No. 26-cv-04513, 2026 WL 2824537, at *1 (S.D. Cal. Sept. 21, 2026); 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2); *see also Araujo v. LaRose*, No. 25-cv-2942, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025).

//

//

//

//

The parties shall file a joint statement as to the satisfaction of the writ by October 21, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ. Because the Court grants the petition on the third claim, the Court declines to reach the merits of the Petitioner's other claims. Counts One, Two, and Four of the petition are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: October 20, 2026

Honorable Barry Ted Moskowitz
United States District Judge